IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

OMAR MARTINEZ-RODRIGUEZ,

        Defendant.

3:13-cr-00452-HZ-1

OPINION & ORDER

Steven T. Mygrant
Leah K. Bolstad
Sarah Barr
U.S. Attorney's Office
1000 SW Third Avenue, Ste 600
Portland, OR 97204
    Attorneys for Plaintiff

Omar Martinez-Rodriguez
74849-065
FCI LOMPOC LOW II
Inmate Mail/Parcels
3901 Klein Blvd
Lompoc, CA 93436-2706
    Defendant Pro Se

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines.[1] The Government opposes Defendant's motion. For the reasons that follow, the motion is denied.

## BACKGROUND

On January 24, 2014, a jury found Defendant guilty of Possession with the Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Jury Verdict, ECF 56. As relevant to this motion, the Presentence Investigation Report ("PSR") noted that Defendant's total criminal history score was "three" based on a prior conviction. PSR ¶¶ 32-34, ECF 63. The Court adopted the presentence investigation without change, Statement of Reasons, ECF 67, and sentenced Defendant to two hundred ten months imprisonment. J. & Commitment, ECF 66. Defendant is currently serving his sentence at USP Lompoc.

On November 1, 2023, Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821") went into effect. The Amendment was given retroactive effect so long as the effective date of any order reducing an offender's sentence was February 1, 2024 or later. U.S.S.G. 1B1.10(e)(2).

Based on the provisions of Amendment 821, Defendant moves for a reduction to his sentence pursuant to 18 U.S.C. § 3582(c)(2).

## STANDARDS

Under 18 U.S.C. § 3582(c)(2),

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the

---

[1] U.S. Sent'g Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Dec. 20, 2023).

defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This exception to the general rule that a court may not modify a term of imprisonment once it has been imposed "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon v. United States*, 560 U.S. 817, 828 (2010). The exception, however, is limited; it "does not authorize a resentencing." *Id.* at 831. Rather, "it permits a sentence reduction within the narrow bounds established by the Commission." *Id.*

In deciding whether to reduce a sentence based on a retroactive amendment to the U.S. Sentencing Guidelines under 18 U.S.C. § 3582(c)(2), a court must first consider the scope of the reduction authorized by the amendment, and then consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon*, 560 U.S. at 826.

## DISCUSSION

Defendant seeks a reduction of his sentence pursuant to Amendment 821. He argues that he is eligible for a reduction to his sentence under two provisions of the amendment and that the factors in 18 U.S.C. § 3553(a) warrant reducing his sentence. The Government argues that Defendant's sentence is unaffected by Amendment 821 and he is therefore ineligible for a reduction.

Defendant first argues that he is eligible for a reduction to his sentence based on Part A of Amendment 821. This portion of Amendment 821 decreases the number of "status points" received under U.S.S.G. 4A1.1 by individuals who commit their offense while under a criminal justice sentence. However, Defendant's PSR does not indicate that he was under a criminal

3 – OPINION & ORDER

justice sentence when he committed the offense and did not receive any status points. There is therefore nothing to reduce under this portion of the amendment, and Defendant is ineligible for a reduction in sentence based on Part A of Amendment 821.

Defendant next argues that he is eligible for a reduction in sentence based on Part B of Amendment 821 concerning "zero-point offenders." This provision reduces the term of imprisonment for offenders who receive no criminal history points. U.S.S.G. § 4C1.1(a). But here, the PSR is clear that Defendant received three criminal history points. Accordingly, he is not eligible for a reduction to his sentence based on Part B of Amendment 821.

Because Defendant is ineligible for a sentence reduction based on Amendment 821, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.

## CONCLUSION

Defendant's Motion for Reduction of Sentence [85] is DENIED.

IT IS SO ORDERED.

DATED:_____January 5, 2024_____.

                                                MARCO A. HERNÁNDEZ
                                                United States District Judge